

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00047-CR
_____

PAULA PATRICIA ANN MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 15-02-8207, Honorable Pat Phelan, Presiding

October 13, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Paula Patricia Ann Martinez, appeals from an order revoking her probation. The trial court originally found her guilty of aggravated assault and levied a seven-year prison term. The sentence was suspended by the trial court, which court then placed her on community supervision for seven years. Revoking that supervision resulted in this appeal. Her sole issue concerns an amendment to the original indictment which apparently warrants nullification of her conviction.

How it does is somewhat unclear. It purportedly involves fundamental error and a denial of due process. We disagree and affirm.

The error arose from a failure to carefully proofread the amendment. The name "Jose Cruz" appeared for that of appellant in the body of the amended accusation. That rendered the instrument fundamentally defective, according to appellant. Yet, she does not explain how or why. Nothing was said about the error somehow causing the instrument to be something short of a constitutionally valid indictment.[1] This may be so because a charging instrument remains sufficient even though "it does not list the correct name" of the accused. *In re J.O.E.*, No. 07-15-00215-CR, 2016 Tex. App. LEXIS 11094, at *7 (Tex. App.—Amarillo Oct. 11, 2016, no pet.) (not designated for publication) (wherein the wrong name was mentioned in the body of the charging instrument while the correct name of the accused appeared in the style of the case). Indeed, incorporating the wrong name within the body of the charging instrument evinces a "misnomer," "best described as a defect, error, or irregularity in form" necessitating preservation. *Id.* at *8–9. And, that is what we have here, a defect involving misnomer which appellant waived by neglecting to raise it before the trial court originally convicted her.

Authority from our Court of Criminal Appeals would also lead us to the same conclusion. In *Jenkins v. State*, 592 S.W.3d 894 (Tex. Crim. App. 2018), it addressed a situation analogous to that here. On the second day of trial, Jenkins moved to dismiss the indictment because it "did not name him personally." *Id.* at 895–96. The trial court

---

[1]The Texas Constitution provides that: "An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause." TEX. CONST. art. V.

denied the motion. After the jury found him guilty and he was convicted, he appealed the denial of his motion to dismiss. *Id.* at 896. The Fourth Court of Appeals reversed the conviction, finding that the indictment failed to charge "a person" with an offense and instructed that the charge be dismissed. The Court of Criminal Appeals reversed upon concluding that the instrument afforded him adequate notice that he was charged with a specific crime. That is, it named him in the caption, included his address, "his 'SID' number, the cause number, the filing date of the indictment, the complainants'[ ] names, the specific offense charged, and which court the case was assigned to." *Id.* at 901–902. Given that, it may have been "defective under article 21.02, [it] nevertheless . . . vested the trial court with both personal and subject-matter jurisdiction." *Id.* at 902. As such, Jenkins was obligated to preserve his complaint by objecting before trial. *Id.*

Here, we have an original indictment naming appellant in the style or caption and in the body of the accusation. The motion to amend the charging instrument and order granting it also correctly identified appellant in the caption or style. Both also contained the correct cause number, the complainant's name, the nature of the crime with which appellant was charged, and the identity of the court trying the matter. Furthermore, appellant pled guilty to the amended indictment on April 27, 2015, the same day the motion to amend was presented to and approved by the trial court. Those circumstances afforded appellant adequate notice of the charge against her. So, although the instrument may have been defective, it was incumbent upon her to broach the matter with the trial court, which she did not do.

Accordingly, we overrule her issue and affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.